UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| GRIDER DRUG LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-77-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, OFFICE OF THE ATTORNEY GENERAL, Department of Criminal Investigations, Medicaid Fraud and Abuse Control Division, | ) ) ) ) ) ) | |
| | ) | **MEMORANDUM OPINION** |
| CABINET FOR HEALTH AND FAMILY SERVICES, Department for Medicaid Services, | ) ) ) ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of motions to dismiss filed by Defendants Commonwealth of Kentucky, Office of the Attorney General ("OAG"), and the Cabinet for Health and Family Services ("CHFS"). [Record Nos. 2 and 3] Both Defendants argue that Plaintiff Grider Drug, LLC ("Grider Drug") has failed to state a claim upon which relief can be granted, requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, the Court will grant both Defendants' motions.

Grider Drug, a chain of three drug stores with a principal place of business in Russell County, Kentucky, operates pharmacies at each of its locations. Recently, one of these pharmacies closed while the remaining two pharmacies face imminent closure as well – all as

a result of what Grider Drug refers to as "unlawful and wrongful economic warfare" waged by the OAG. [Record No. 1] The roots of Grider Drug's accusations go back to approximately July 23, 2008, when Eric Grider, then a Grider Drug pharmacist, was indicted in Franklin County Court for engaging in Medicaid fraud.[1] Specifically, the grand jury alleged that Grider had submitted claims to CHFS for prescriptions that had not actually been dispensed as billed. [Record No. 2, Attach. 1] Upon notification from the OAG of Grider's indictment, the CHFS notified Grider Drug that Medicaid payments would be withheld and escrowed, effective September 2, 2008. Noting that the action was temporary, CHFS assured Grider Drug that upon "completion of the legal process" in accordance with Kentucky law, the monies would be "promptly disbursed." [Record No. 1]

Following these events, Grider Drug filed an administrative appeal of the CHFS' decision to withhold payments and continued to distribute medication without receiving the CHFS' Medicaid reimbursements. At the time of filing of the Complaint, the administrative appeal was still pending after a failed dispute resolution meeting. As far as their continuing pharmaceutical operations, Grider Drug estimates that $500,000 in Medicaid reimbursements have been withheld, causing the business extreme financial harm. In addition to financial harm, Grider Drug alleges that the OAG: (1) encouraged Grider Drug employees to seek employment elsewhere; (2) advised Grider Drug customers to patronize other drug stores; (3) intimidated Grider Drug witnesses; (4) discouraged wholesale pharmaceutical distributors and insurance companies from doing business with Grider Drug; and (5) sent complaints to the Kentucky

---

1. The parties dispute whether Eric Grider was merely an employee or a minority owner of Grider Drug. This dispute is immaterial to the Court's ruling.

Board of Pharmacy and the United States Drug Enforcement Administration. Based on these allegations, along with the financial harm it has allegedly suffered as a result of the CHFS' withholding, Grider Drug filed a Complaint in the Franklin Circuit Court on December 10, 2008. The OAG removed the Complaint to this Court on December 30, 2008.

Grider Drug claims that the CHFS' withholding of Medicaid reimbursement is a violation of the Fourth and Fourteenth Amendments to the U.S. Constitution as well as a violation of numerous like provisions of the Kentucky Constitution. Requested remedies include temporary injunctive relief and compensatory damages. The CHFS filed its motion to dismiss on December 31, 2008, and the OAG filed a corresponding motion on January 5, 2009.

This Court will grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). "Factual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). In other words, the plaintiff's arguments "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-1965.

The Defendants argue that Grider Drug's suit is barred by sovereign immunity.[2]  Under this doctrine, the Supreme Court has held that the Eleventh Amendment prevents federal courts from exercising original jurisdiction over suits against a state by one of its own citizens.  *Hans v. Louisiana*, 134 U.S. 1 (1890).  The Supreme Court has also explicitly stated that, "a State is not a "person" against whom a § 1983 claim for money damages might be asserted.  *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (U.S. 2002).  Here, Grider Drug is bringing suit directly against the CHFS and the OAG.  Both Defendants are considered entities of the state: the CHFS being a state agency and the OAG being a part of the state executive branch.  *See Barrett v. Benchmark Family Servs., Inc.*, 2008 WL 2050996 (E.D. Ky. May 12, 2008); K.R.S. §§ 12.250(6), 15.020.  As a result, Grider Drug's suit is barred by the doctrine of sovereign immunity.

Of course, as with most established doctrines, there are established exceptions.  *See Ernst v. Rising*, 427 F.3d 351, 358-359 (6th Cir. 2005) (discussing exceptions to the doctrine of sovereign immunity, including waiver, county and municipal corporations, injunctive relief against state officials, abrogation, and federal prosecution).  Although not technically an exception, 42 U.S.C. § 1983 functions as one by allowing plaintiffs to step around the Eleventh Amendment to bring suit against state officers who directly violate Constitutional rights.  The Defendants suggest that Grider Drug may have intended to file their Complaint as a § 1983 action, but Grider Drug expressly denies any such categorization of their suit.  [Record No. 5]

---

2. Grider Drug requested an extension of time in which to file its response to both Defendants' motions to dismiss.  After reviewing this request and Grider Drug's "Partial Response to Attorney General's Motion to Dismiss," the Court directed Grider Drug to file its response by February 17, 2009.  [Record Nos. 4, 5, 6]  As of the date of this opinion, no new response has been filed.

Therefore, since no exceptions to the Eleventh Amendment apply here, and the suit against CHFS and OAG is not brought pursuant to § 1983, Grider Drug's claims are barred. Accordingly, it is hereby

**ORDERED** that both the CHFS' and OAG's motions to dismiss [Record Nos. 2 and 3] are **GRANTED**.  Grider Drug's claims [Record No. 1] are **DISMISSED** with prejudice.

This 20th day of April, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge